**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ALEJANDRO RIOS-SALINAS, | : | |
| | : | |
| Plaintiff, | : | Civil No. 11-2036 (RMB) |
| | : | |
| v. | : | |
| | : | **OPINION** |
| DR. ABIGAIL LOPEZ DE LASALLE, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

    ALEJANDRO RIOS-SALINAS, Plaintiff pro se
    Reg. No. # 23961-009
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey 08640

**BUMB**, District Judge

    This matter comes before the Court upon pro se plaintiff, Alejandro Rios-Salinas' ("Plaintiff") motion for reconsideration of this Court's October 28, 2011 Opinion and Order that dismissed Plaintiff's civil Complaint, with prejudice, in its entirety as against all named defendants, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii) and §§ 1915A(b)(1) and (2).  (Docket Entry Nos. 2 and 3).  Plaintiff filed his motion for reconsideration on or about November 15, 2011.  (Docket Entry No. 4).

In order to entertain petitioner's motion for reconsideration, the Court will have the Clerk reopen the file. This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the motion will be denied, and the Clerk will be directed to re-close the file.

## I. BACKGROUND

Plaintiff brought a civil complaint pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), against the following defendants, Dr. Abigail Lopez de Lasalle; Dr. Williams; Lynn Johnson, ARNP; and Mr. Eichel, Acting Health Services Administrator at the FCI Fort Dix (West) Health Services Unit ("HSU"), alleging a violation of his Eighth Amendment right against cruel and unusual punishment. In his Complaint, Plaintiff alleged that, on February 11, 2010, he slipped and fell on ice at FCI Fort Dix, shattering his patella. An emergency medical technician ("EMT"), Andrew Ackley, responded to the medical call where Plaintiff had fallen to provide emergency assistance. Ackley observed that Plaintiff was in "very bad" pain ("10 on a pain scale"), and that there was an "obvious deformity to the left knee." With assistance, Plaintiff was lifted to a "leap" while traction was held on Plaintiff's leg, and Plaintiff was taken to the HSU for examination. (Plaintiff's Attachment to Complaint, "Bureau of Prisons Health

Services Clinical Encounter" report, 3 pages, at Docket entry no. 1-3).

Plaintiff was examined by Dr. De Lasalle at the HSU urgent care room. The patella was noted to "be dislocated approximately 2 inches onto the head of the femur." There was swelling and discoloration in the affected area. Plaintiff's knee was immobilized and ice was placed on the knee to reduce swelling. The on-call orthopedic surgeon was called, Dr. Williams, who advised that he would examine Plaintiff the next day and that Plaintiff's knee should be immobilized in a straight position. Plaintiff was prescribed Tylenol with codeine for the pain. (Id.).

Plaintiff was examined by Dr. Williams the next day, on February 12, 2010. An x-ray was performed showing a fracture of the patella. Dr. Williams scheduled Plaintiff for surgery on February 17, 2010. FCI Fort Dix Warden Donna Zickefoose confirms, in her June 1, 2010 response to Plaintiff's BP-9 Administrative Remedy, that surgery was performed without complications on February 17, 2010, and Plaintiff was discharged back to FCI Fort Dix. Follow-up care and re-evaluations were performed by Dr. Williams on March 25, 2010 and April 29, 2010, and it was noted that Plaintiff was healing well with continuing strengthening exercises. (Plaintiff's Exhibit # 7 to the Complaint, at Docket entry no. 1-3 pg. 15).

In his Complaint, Plaintiff complained that the delay in medical treatment (i.e., 6 days waiting for surgery while in severe pain with only Tylenol w/ codeine prescribed) and the provision of a "dilapidated" wheelchair constitutes a denial of medical care in violation of his Eighth Amendment right against cruel and unusual punishment. (Compl., ¶ 6 and Plaintiff's attached statement at Docket entry no. 1-3, pg. 2). He sought compensatory and punitive damages in excess of $ 1 million. (Compl., ¶ 7).

In screening the Complaint as required under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court determined that Plaintiff's Complaint failed to state an Eighth Amendment claim of denial/delay of medical care because Plaintiff could not show deliberate indifference by the defendants. The Court reiterates its ruling as follows:

> Plaintiff generally asserts that defendants violated his Eighth Amendment right to adequate medical care by denying and/or delaying medical treatment. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. Estelle, 429 U.S. at 106; Natale v. Camden County Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003).
>
> To satisfy the first prong of the Estelle inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference

to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992). The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d Cir. 2003)(internal quotations and citations omitted); see also Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. See Natale, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. Andrews v. Camden County, 95 F. Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F. Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.

The Third Circuit has found deliberate indifference where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or

>recommended treatment.  See Rouse, 182 F.3d at 197.  The court also has held that needless suffering resulting from the denial of simple medical care, which does not serve any penological purpose, violates the Eighth Amendment. Atkinson, 316 F.3d at 266.  See also Monmouth County Correctional Institutional Inmates, 834 F.2d at 346 ("deliberate indifference is demonstrated '[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment"); Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993); White v. Napoleon, 897 F.2d 103 (3d Cir. 1990).
>
>Here, Plaintiff's injuries sustained on February 11, 2010, namely, a fractured patella, would satisfy the first prong, the objective prong (serious medical need), under Estelle to support an Eighth Amendment violation.  However, the allegations and the medical records attached to the Complaint, fail to support the second, subjective prong (deliberate indifference), necessary to state an actionable Eighth Amendment claim.
>
>The record provided by Plaintiff shows that Plaintiff received immediate medical treatment and that his recommended surgery was scheduled six days later.  Rather, Plaintiff's allegations are premised on the fact that he was prescribed only Tylenol with codeine for his pain, which Plaintiff contends was not sufficient for the level of pain he was experiencing.  He also complains that he was given a "dilapidated" wheelchair during this time, but the record shows that it was serviceable for the short distances that Plaintiff had to travel.  Further, Plaintiff seems to argue that a six-day wait for surgery while he was in pain was too long.
>
>Thus, at best, Plaintiff's allegations show that he simply disagreed with the level of medical care he received at the time, and/or that he was dissatisfied with his medical treatment.  As stated above, "mere disagreements over medical judgment do not state Eighth Amendment claims." White, 897 F.2d at 110.  Such allegations sound in medical negligence, which is not actionable under the Eighth Amendment as a claim of a constitutional deprivation.  See Farmer, 511 U.S. at 837-38.  Accordingly, the Complaint should be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

(October 28, 2011 Opinion, pp. 10-14, Docket entry no. 2).

In a motion for reconsideration dated November 15, 2011 (Docket entry no. 4), Plaintiff disagrees with the Court's assessment of deliberate indifference. He states that lying in bed "for six (6) days with his shattered knee cap half way up his leg is more than enough proof for a finding of deliberate indifference." Plaintiff alleges now that he was not given anything for swelling and pain for these six days. But the facts as alleged in his initial Complaint contradict his argument for reconsideration. In his Complaint and records attached thereto, it shows that Plaintiff was given ice to reduce swelling, a prescription Tylenol with codeine for the pain, and a serviceable wheelchair.

## II.  ANALYSIS

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b). Id. In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters "which [it] believes the

Court has overlooked" when it ruled on the motion.  L. Civ. R. 7.1(i); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(i); Dunn v. Reed Group, 2010 U.S. Dist. LEXIS 2438 (D.N.J. Jan. 13, 2010)(L.Civ.R. 7.1(i) creates a specific procedure by which a party may ask the court to take a second look at any decision "upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision").  "The word 'overlooked' is the operative term in the Rule."  Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.  See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court.  Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision.  See Resorts Int'l, 830 F. Supp. at 831 n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(i) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron

9

U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Plaintiff fails to allege that this Court actually "overlooked" a factual or legal issue that may alter the disposition of the matter, which is necessary for the Court to entertain the motion for reconsideration. Instead, Plaintiff now argues in direct contradiction to his initial Complaint and the prison medical records he attached to his Complaint, that he did not receive anything for pain and swelling for six days.

These new and questionable allegations are not enough to overcome the threshold requirement for granting a motion for reconsideration. Plaintiff simply has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice. Plaintiff's only recourse, if he

disagrees with this Court's decision, should be via the normal appellate process. He may not use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by this Court.

### III. CONCLUSION

Therefore, for the reasons expressed above, the Clerk will be directed to reopen this file for review of Plaintiff's motion for reconsideration, and the motion will be denied for lack of merit. An appropriate Order follows.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: June 19, 2012